UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------X
Dr. CHINYERE ODELUGA )
                                        )    PLAINTIFF DEMANDS
       Plaintiff,             )    TRIAL BY JURY
                                        )
                                        )
   v.                            )    CASE NO. 12-cv-7388
                                        )
PCC COMMUNITY WELLNESS     )
CENTER, VHS WEST SUBURBAN    )    Hon. John W. Darrah
MEDICAL CENTER, INC., a.k.a,      )
VANGUARD WEST SUBURBAN      )
MEDICAL CENTER, Dr. JEN         )
ROSSATO (Individually), Dr. PAUL   )
LUNING (Individually),                )
Dr. ALEXANDER WU (Individually), )
and Dr. ANTOINETTE LULLO       )
(Individually).                          )
                                        )
       Defendants.        )
---------------------------------------------------------X

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT PCCCOMMUNITY CENTER'S MOTION TO DISMISS COUNTS V, VII AND VIII OF FIRST AMENDED COMPLAINT[1]

Plaintiff, Dr. Chinyere Odeluga (hereinafter "Plaintiff" or "Odeluga"), by and through her attorneys, Options Law Group, P.C., and for the Plaintiff's Motion in Opposition to Defendant PCC Community Wellness Center's (hereinafter "PCC") Motion to Dismiss Plaintiff's Counts V, VII, and VIII of the First Amended Complaint, states as follows:

---

[1] Plaintiff acknowledges Doc. 41 was mislabeled as First Amended Complaint. It should have been designated as Second Amended Complaint. However, for the sake of clarity, Plaintiff hereby refers the First Amended Complaint as Doc. 41 for the pendency of this Motion in Opposition to Motion to Dismiss. Plaintiff expresses her apology.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a 48-year-old Nigerian-born American citizen, was admitted into the PCC Community Wellness Center's (hereinafter "PCC") Maternal Child Health Program (hereinafter "MCH") and started in late October 2010. (Doc. 41, ¶¶ 1, 25-26, 28-29). Prior to her participation in the MCH, with the expectation of certification in MCH at the end of completion of the program, Plaintiff had acquired over 26 years of medical practice including running her own medical clinic center. (*Id.* ¶¶ 20-24). Plaintiff was the only Nigerian-born physician and who is over the age of forty. (*Id.* ¶ 27). Plaintiff signed a PCC contract that required her to work and perform all her surgical procedures at VHS West Suburban Medical Center (hereinafter "VHS" or "VMC"). See Exhibit 1 (Plaintiff's Dec. ¶¶ 1-3). Plaintiff and the individual Defendants had hospital privileges at VHS. (Plaintiff Dec. ¶¶ 7-9), (Doc. 41 ¶¶ 11-17). All the discriminatory and harassing allegations made by Plaintiff against the individual Defendants, Defendant PCC, and Defendant VHS took place at VHS.

Plaintiff started the MCH Program on October 1, 2010 and on October 14, 2010, Defendant Dr. Luning told Plaintiff she was too confident and may not survive the MCH Program. (Doc. 41, ¶ 35). In one of early contacts between Plaintiff and Defendant Dr. Wu, Dr. Wu told Plaintiff Nigerians are overly ambitious and greedy. (Doc. 41 ¶ 32). Further, on October 29, 2010, Defendant Dr. Wu and Defendant Dr. told Plaintiff they have to keep an eye on her, evaluate her closely, and not do the same to other fellows. (*Id.* 41, ¶ 36). Similarly, Defendants Dr. Wu, Dr. Lullo and others would not make eye contact with Plaintiff and would frequently ignore her questions and concerns. (*Id.* ¶ 38). Moreso, Defendant Dr. Rossato wrote Plaintiff up for wearing a stained shirt after surgery even though Plaintiff told Defendant Rossato her shirt was stained. (*Id.* ¶ 40). Also, Defendant Dr. Rossato wrote Plaintiff up for coming to

clinic late and did not remove the write up after learning Plaintiff had a genuine excuse for the lateness. (*Id.* 41).

Excessive negative write ups, which commenced as soon as Plaintiff started the MCH Program in October 2010, culminated in Plaintiff being put on a Performance Improvement Plan. (Doc. 41 ¶¶40 and 43). On March 2, 2011, Defendants Dr. Wu and Dr. Lullo demanded that Plaintiff should resign from the MCH program or risk termination. (*Id.* ¶ 53). Furthermore, Defendant Wu yelled at Plaintiff and told her to resign to save face for requesting to see her own file. (*Id.*). On June 2, 2011, Defendants Dr. Wu and Dr. Lullo delivered a termination letter to Plaintiff and she was escorted out the premises of VHS. (*Id.* ¶ 63).

Plaintiff appealed to Robert Urso, CEO of PCC to reinstate her back into the MCH Program. (*Id.* ¶ 69). Mr. Urso told Plaintiff the reason he decided to reinstate her into the MCH Program was because she did not violate the terms of her contract. (*Id.* ¶ 72). Nevertheless, Mr. Urso indicated to Plaintiff even if she completed the MCH program by graduation date of September 30, 2013, there is no guarantee she will receive certification in MCH. (*Id.* ¶¶ 71-72). Plaintiff was reinstated on July 17, 2011 but continued to receive different treatment from other fellows by the all Defendants. On August 5, 2011, Dr, Ryan told Plaintiff that he has been instructed not to deal with or answer Plaintiff's questions. Dr. Ryan made this comment after Plaintiff asked him question about a patient. (*Id.* ¶ 75). At various times, Defendants encouraged the VHS staff, nurses, attending physicians, and others to report any thing they see or hear about Plaintiff. (Doc. 41 ¶ 47).

Plaintiff successfully completed all the requirements for certification in MCH program before or by September 30, 2011 but was denied certification. (Doc. 41 ¶ 81), (Plaintiff Dec. ¶ 2). In November 2011, Plaintiff filed Charge of Discrimination with the U.S Equal Employment

Opportunity Commission (hereinafter "EEOC") alleging race discrimination, sex discrimination, national origin, and age discrimination. (*Id.* Exhibit A). Plaintiff received a Notice of Right to Sue on June 17, 2012 and filed Complaint against all Defendants on September 16, 2012. (Doc. 1). Amongst other filings between Plaintiff and Defendants, on March 4, 2013, Plaintiff filed First Amended Complaint. (Doc. 41). The Counts contained in the First Amended Complaint is as follows: Count I: Violation, Title VII Race Discrimination (Defendants PCC and VHS); Count II: Violation, Harassment and Hostile Work Environment, Title VII (Defendants PCC and VHS); Count III: Violation, National Origin, Section 1981 (Defendants); Count IV: Violation, Harassment and Hostile Work Environment, Section 1981 (Defendants); Count V: Violation, Age Discrimination (Defendants); Count VII: Breach of Fellowship Contract (Defendants); and Count VIII[2]: Intentional Infliction of Emotional Distress (Defendants Luning, Wu, Rossato, and Lullo).

On March 27, 2013 the following Motions were filed: Defendant PCC's Motion to Dismiss Plaintiff's Counts V, VII, and VIII (Doc. 44); Individual Defendants Motion to Dismiss Plaintiff's Counts V, VII, and VIII (Doc. 45); and Defendant VMC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 46). Thus, this instant Motion in Opposition to Dismiss Plaintiff's First Amended Complaint or Amended Complaint identified as Document Number 41.

---

[2] Plaintiff consents to dismissal of Count VIII against all Defendants.

## LEGAL STANDARD OF REVIEW

Generally, the Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the claim showing the pleader is entitled to relief, which requires a plaintiff to allege no more than the bare minimum facts necessary to put the defendant on notice of the claim. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). Further, when ruling on a 12(b)(6) motion to dismiss for failure to state a claim, the facts in the complaint are viewed in the light most favorable to the nonmoving party and the court will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support a claim for relief. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Id.*

## ARGUMENT

A. **Count V of the Complaint did not fail to state a cause of action for Age Discrimination.**

Defendant PCC claims that Plaintiff failed to allege facts to support a claim for age discrimination under ADEA. See Defendant PCC's Motion to Dismiss (hereinafter "Motion"). "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in an employment discrimination case need not allege facts corresponding to each element of a prima facie case of . . . age discrimination." *Heinze v. Southern Illinois Healthcare*, No. 08-672-GPM, 2010 WL 27622, at *3 (S.D. Ill. Jan. 19, 2010) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002)).

Here, Plaintiff alleged, in the body of her complaint, as follows: (1) she is over the age of forty (Doc. 41 ¶¶ 19, 119); (2) she performed her required duties (*Id.* at 31, 79), (Plaintiff Dec. ¶11); she was prematurely terminated, reinstated and denied certification (*Id.* at 63, 70, 71, 73);

5

and other fellows under the age of forty were not terminated, reinstated, and denied certification (Id. at 27, 80). As this Court noted in *Basil v. CC Servs., Inc.*, No. 12-cv-1341 (N.D. Ill. Aug. 23, 2012), while recognizing a Seventh Court decision, "a plaintiff alleging employment discrimination under title VII may allege these claims quite generally. A complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo v Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). Plaintiff's allegations in Count V meet the test set in *Tamayo*. Therefore, Plaintiff's allegations in Count V must not be dismissed.

**B.      Count VII does not fail to state a cause of action for Breach of Contract**

Defendant PCC argues that Plaintiff ought to have attached a copy of the contract she claims Defendants breached. (Motion). Further, Defendant PCC maintains that Plaintiff does not identify the contract provision allegedly breached by it. (*Id.*). First, Plaintiff need not attach a copy of contract to her complaint to make a prima facie case for breach of contract. Factual allegations would suffice at the pleading stage. In *Tamayo*, the Seventh Circuit recognized evidence is not needed at the complaint stage (citation omitted). A copy of Contract Agreement is arguably evidence.

Nonetheless, Plaintiff alleges she completed all the requirements of the MCH fellowship prior to or by September 30, 2011. (Doc. 41 ¶79). On June 2, 2011, Defendant PCC gave Plaintiff a termination letter. (Doc. 41 ¶ 63). When Defendant PCC gave this letter to Plaintiff, it did not give a 30 days notice to Plaintiff. A cursory look at the MCH Program Contract attached to Motion reveals a 30-day Notice of Termination clause by either party. VHS discontinued Plaintiff's hospital privileges once the June 2, 2011 termination letter was issued. Even after she was reluctantly reinstated, Defendant PCC continued to make sure she fails to

obtain certification. (Doc. 41 ¶¶ 69, 70, 71, 75, 79, 81). Defendant PCC threatened Plaintiff, wrote her up, disregarded positive evaluations, and ultimately terminated her without notice. (Doc. 41 ¶¶40-41, 53-54, 57).

If all the facts alleged by Plaintiff are viewed in her favor, as they must, pursuant to 12(b) (6) Motion to Dismiss, she has alleged sufficient facts to support her claim for breach of a fellowship contract by Defendant PCC.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that for all the reasons stated in this responsive motion that the Individual Defendants' Motion to Dismiss Plaintiff's First Amended Complaint should be denied.

Respectfully submitted,

Dr. Chinyere Odeluga

By:/s/George U. Oparanozie

Options Law Group, P.C
100 W. Monroe Street
Suite 711
Chicago, Illinois 60603
(708) 654-1902
go@optionslawgroup.com

CERTIFICATE OF SERVICE

The undersigned certifies that on April 1, 2013, he caused the foregoing to be electronically filed using the Court's CM/ECF System which send a copy to the following counsel of record.

/s/George U. Oparanozie

Ronald Austin, Jr.
Brothers &Thompson
Two Prudential Plaza
180 North Stetson Avenue
Suite 4425
Chicago, Illinois 60601

Robert H. Smeltzer
Brian Orr
Lowis & Gellen LLP
200 W. Adams Street
Suite 1900
Chicago, Illinois 60606