UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. CHINYERE ODELUGA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PCC COMMUNITY WELLNESS | ) Case No. 12-cv-07388 |
| CENTER; VHS WEST SUBURBAN | ) |
| MEDICAL CENTER, INC., a.k.a. | ) Judge John W. Darrah |
| Vanguard West Suburban Medical | ) |
| Center; DR. JEN ROSSATO; | ) |
| DR. PAUL LUNING; | ) |
| DR. ALEXANDER WU; and | ) |
| DR. ANTOINETTE LULLO, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dr. Chinyere Odeluga ("Odeluga") has filed a seven-count[1] First Amended Complaint[2] (the "FAC") against Defendant PCC Community Wellness Center ("PCC"), Defendant VHS West Suburban Medical Center ("VMC"), and Individual Defendants Dr. Jen Rossato, Dr. Paul Luning, Dr. Alexander Wu, and Dr. Antoinette Lullo[3] (collectively, the "Individual Defendants"), which alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 (Counts I and III, respectively); harassment and hostile work environment under Title VII and 42 U.S.C. § 1981 (Counts II and

---

[1] The counts in the Complaint are numbered I-VIII but omit a Count VI.

[2] Odeluga filed a First Amended Complaint on December 4, 2012, and thereby mislabeled the present complaint as the First Amended Complaint, when it is a Second Amended Complaint. However, for consistency with the documents filed by all parties, the current complaint shall be referred to as the First Amended Complaint.

[3] As of the date of this ruling, Odeluga has not served Lullo.

1

IV, respectively); age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* (Count V); breach of contract (Count VII); and intentional infliction of emotional distress (Count VIII). Counts I and II are alleged against PCC and VMC only; Counts III, IV, V, and VII are alleged against all Defendants; Count VIII is alleged against the Individual Defendants only.

PCC and the Individual Defendants have moved in part, and VMC has moved in total, to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' Motions to Dismiss are granted in part and denied in part.

## BACKGROUND

On a Rule 12(b)(6) motion to dismiss, the court generally must confine its inquiry to the factual allegations set forth within the four corners of the operative complaint. However, the court may also consider documents submitted by a defendant that "are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). In this case, VMC has attached, as an exhibit to its Motion, Odeluga's employment contract with PCC, which is central to her claims and referenced in her FAC; consequently, that contract is properly considered.

Odeluga is a forty-eight-year-old, Nigerian-born female, a United States citizen, and a doctor. (FAC ¶ 19.) PCC runs a Maternal Child Health Fellowship Training Program ("Fellowship Program"), and Odeluga was accepted into the 2010-2011 program. (*Id.* ¶ 10.) Although the program began on July 1, 2010, Odeluga was allowed to begin the program on October 1, 2010, because she had recently given birth. (*Id.* ¶¶ 28-29.) PCC and VMC have an agreement allowing employees of PCC to practice at VMC. (*Id.* ¶ 10.) Additionally, all

2

Individual Defendants and Odeluga had hospital privileges at VMC during the relevant time period. (*Id.* ¶¶ 11-17.)

During her time in the Fellowship Program, Odeluga had several encounters with the Individual Defendants she believed to be discriminatory. (*Id.* ¶¶ 32-36.) In October 2010, during a conversation about Odeluga's goals, Defendant Wu told Odeluga, "you Nigerians like to be overly ambitious. You people are greedy!" (*Id.* ¶ 32.) Defendant Luning told Odeluga she was "too confident." (*Id.* ¶ 35.) Finally, Odeluga was told by Defendants Luning and Wu that she was being watched more closely than other participants in the Fellowship Program. (*Id.* ¶ 36.)

While Odeluga was in the program, the directors of the Fellowship Program received complaints about her performance from doctors and nurses working at the hospital. (*Id.* ¶ 37.) Starting in October 2010, Defendants told PCC and Vanguard Medical staff not to trust Odeluga and that she felt like a second-class citizen. (*Id.* ¶¶ 38-39.) In November 2010, Odeluga was written up for coming to the clinic two hours late. (*Id.* ¶41.) Additionally, Odeluga was written up for parking incorrectly in the employee parking lot, while another fellow who engaged in the same behavior about five times suffered no repercussions. (*Id.* ¶ 42.)

Odeluga was eventually placed on a Performance Improvement Plan based on the negative write-ups she received. (*Id.* ¶ 43.) After being placed on the plan, Odeluga continued to receive negative write-ups, had to attend many evaluation meetings, was excessively scrutinized and treated worse than other fellows. (*Id.* ¶¶ 44-55.) PCC terminated Odeluga's participation in the Fellowship Program in June 2011. (*Id.* ¶ 63.) Prior to being terminated, Odeluga was told by Defendants Lullo and Wu that she should resign from the program or risk termination. (*Id.* ¶ 53.) Odeluga appealed her termination to the CEO of PCC; and, in

July 2011, Odeluga was reinstated but told there was no guarantee she would receive a certification even if she continued in the program. (*Id.* ¶ 69-71, 73.) PCC extended Odeluga's Employment Agreement through September 30, 2011, which gave her one full year in the program, due to her late start. (*Id.* ¶ 71.) At the end of the extended Employment Agreement, Odeluga requested that PCC certify and graduate her, and PCC refused. (*Id.* ¶ 81.)

On November 25, 2011, Odeluga filed an EEOC charge against PCC for discrimination; that charge is attached to her FAC. (*Id.* Exh. 1.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). The pleading standard does not demand a high level of specificity or sophistication, only requiring the "complaint [to] provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotation marks omitted). Courts construe the complaint in the light most favorable to the plaintiff when assessing a Rule 12(b)(6) motion to dismiss; all well-pleaded facts are accepted as true, and all reasonable inferences are construed in favor of the plaintiff. *Id.* However, the complaint still must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims are factually plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**ANALYSIS**

*Odeluga's Dismissal of Count VIII as to all Defendants*

In a footnote in all three of her responses, Odeluga consents to the dismissal of Count VIII, the intentional infliction of emotional distress claim, against all Defendants.[4] Accordingly, Count VIII is dismissed with prejudice.

*VMC's Motion to Dismiss*

VMC has moved, in total, to dismiss Odeluga's FAC. In particular, VMC argues that Odeluga failed to exhaust her administrative remedies with respect to her Title VII and ADEA claims; VMC did not employ Odeluga; VMC was not a party to Odeluga's contract with PCC; and VMC is not vicariously liable for the actions of the other Defendants.

<u>Counts I, II & V: Odeluga's Failure to File an EEOC Charge against VMC</u>

A plaintiff pursuing Title VII and ADEA claims must first file a charge of discrimination with the EEOC before filing a lawsuit. *See, e.g., Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009); *see also Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004) ("In Illinois, an employee may sue under the ADEA or ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged 'unlawful employment practice.'"). A defendant not named as a respondent in the EEOC charge may not be sued in a private action. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666-67 (7th Cir. 2013) (affirming dismissal of unnamed party in Title VII action); *Kopec v. City of Elmhurst*, 966 F. Supp. 640, 645 (N.D. Ill. 1997) ("In general, a party not named as a respondent in an EEOC charge may not be sued under the ADEA."). "This requirement 'gives the employer some

---

[4] This Count only applied to the Individual Defendants in the Complaint, but Odeluga consented to dismissal of Count VIII against all the Defendants.

warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts.'" *Alam*, 709 at 666 (quoting *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)). However, the Seventh Circuit recognizes an exception to this rule, where the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* (citing *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)).

VMC contends that Odeluga's claims under Title VII and the ADEA (Counts I, II and V), should be dismissed because VMC was not named in the EEOC charge. Odeluga's EEOC charge, which is attached to her FAC, names PCC only. Odeluga makes no allegations that VMC had notice of the charge or an opportunity to participate in the EEOC proceedings, so as to fulfill the exception outlined by the Seventh Circuit. *See Eggleston*, 657 F.3d at 905. Since VMC was not named in the EEOC charge, and there are no allegations to support that VMC falls within the exception to that rule, Odeluga's claims under Title VII and ADEA against VMC must be dismissed for failure to exhaust administrative remedies. Therefore, Counts I, II and V are dismissed with respect to VMC.

<u>Counts I, II & V: Title VII and the ADEA Apply to Employers</u>

VMC must be dismissed with respect to Odeluga's Title VII and ADEA claims for the additional reason that there are no allegations that VMC employed Odeluga. Liability under Title VII is restricted to employers. *See* 42 § U.S.C. § 2000e-2(a); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (dismissing a Title VII action against a supervisor because the supervisor is not an employer). In this case, Odeluga does not allege that she had an employment contract with VMC; and, indeed, in her opposition brief, Odeluga states that she

6

"signed a PCC contract." (Pl's Opp. Brief p. 2.) Instead, Odeluga alleges only that PCC and VMC had a contractual relationship in which PCC Fellows were permitted to perform medical procedures as part of the Fellowship Program and that she had hospital privileges at VMC. (Am. Compl. ¶¶ 9, 11.) These allegations are insufficient to hold VMC liable as an employer under Title VII. Furthermore, VMC has provided Odeluga's employment contract with PCC, which affirmatively shows that Odeluga's contract as a fellow was between PCC and Odeluga alone. (See Def. VMC's Memo. in Supp. of Mot., Exh. A.) Accordingly, as VMC was not Odeluga's employer, Counts I and II are dismissed with respect to VMC.

Likewise, Odeluga's ADEA claim, Count V, must be dismissed against VMC because there are no allegations that VMC employed Odeluga. The ADEA states it shall "be unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1); *see also Elias v. Naperville Eye Associates, LTD.*, 928 F. Supp. 757, 759 (N.D. Ill. 1996) ("Congress limited the ADEA to apply only to 'employers.'"). The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees. . . . [and also] any agent of such a person. . . ." 29 USC § 630(b). As with her Title VII claim, Odeluga's ADEA claim fails with respect to VMC because there are no allegations that VMC employed Odeluga. Accordingly, Count V is dismissed with respect to VMC.

Furthermore, as demonstrated by her employment agreement with PCC, it is clear that Odeluga cannot allege that VMC was her employer; as such, future amendments on these Counts would be futile. Consequently, Counts I, II and V are dismissed with prejudice.

7

Count VII: Breach of Contract Claim Against VMC

VMC also moves to dismiss Odeluga's breach of contract claim on the basis that VMC was not a party to Odeluga's employment contract with PCC. Under Illinois law, a breach of contract claim requires four elements: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Van Der Molen v. Wash. Mut. Finance, Inc.*, 835 N.E.2d 61, 69 (Ill. App. Ct. 2005) (internal quotations and citations omitted). Only parties to a contract can be liable for breach of contract. *See Credit General Ins. v. Midwest Indem. Corp.*, 916 F. Supp. 766, 772 (N.D. Ill. 1996) ("Defendants do not provide caselaw to support a finding that a non-party to a contract can breach that contract. In fact, such a claim is ludicrous.).

As mentioned above, VMC has provided Odeluga's employment contract with PCC, which demonstrates that VMC was not a party to that contract.[5] Indeed, Odeluga, in her opposition brief, does not argue that VMC should be liable on this count. Because it is clear Odeluga cannot allege that VMC was a party to her contract with PCC, future amendments would be futile; and dismissal with prejudice is warranted. Consequently, Count VII is dismissed with prejudice with respect to VMC.

---

[5] It is worth noting that Odeluga failed to attach her employment contract. A defendant filing a Rule 12(b)(6) motion to dismiss may supply the court with documents central to plaintiff's claims and referenced but not attached to the complaint. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim.") (internal quotations and citations omitted); *see also Scott v. Bender*, 893 F. Supp. 2d 963, 971 (N.D. Ill. 2012) (same); Fed. R. Civ. Pro. 10(c). Here, Odeluga's employment contract is central to her claims and, therefore, is properly considered on a Rule 12(b)(6) motion. *See also infra* at p. 12.

Counts III & IV:  42 U.S.C. § 1981 Claims against VMC

VMC has also moved to dismiss Counts III and IV, which assert 42 U.S.C. § 1981 claims for racial discrimination and for harassment and hostile work environment, respectively.  To bring an action under 42 U.S.C. § 1981, a plaintiff must allege the following:  (1) she is a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned the making and enforcing of contracts.  42 U.S.C. § 1981(a)-(c); *see also Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).  A § 1981 plaintiff may pursue a defendant for the civil rights liabilities of its agents under a *respondeat superior*, or vicarious liability, theory.  *Hill v. Shell Oil Co.*, 78 F. Supp. 2d 764, 778-79 (N.D. Ill. 1999) (citing *General Bldg. Contractors Ass'n, Inc. v. Pa.*, 458 U.S. 375, 404 (1982) (O'Connor, J., concurring)).  To establish vicarious liability, a plaintiff must allege that the defendant had an agency relationship with the alleged violators of § 1981.  "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Id.* at 778 (quoting Restatement (Second) of Agency § 1 (1958)).

In this case, Odeluga has not alleged that VMC acted with an intent to discriminate on the basis of race and does not appear to argue that VMC is directly liable under 42 U.S.C. § 1981.  Instead, Odeluga argues, in her opposition brief, that VMC should be vicariously liable for the actions of the Individual Defendants.  However, Odeluga has failed to allege the necessary principal-agency relationship between VMC and the Individual Defendants or PCC, who she alleges violated § 1981.  There are no allegations that the Individual Defendants or PCC acted on behalf of VMC and were subject to VMC's control.  Consequently, Counts III and IV, the § 1981 violations, are dismissed without prejudice with respect to VMC.

*The Individual Defendants' Motion to Dismiss*

The Individual Defendants (Luning, Wu and Rossato) have moved to dismiss two of the claims asserted against them: Count V, the ADEA claim, and Count VII, the breach of contract claim.[6] These counts fail to state a claim against the Individual Defendants for the same reasons that they fail to state a claim against VMC; namely, that Odeluga did not exhaust her administrative remedies with respect to the ADEA claim and that the Individual Defendants did not employ Odeluga and were not a party to her contract with PCC. The Individual Defendants do not challenge Odeluga's § 1981 claims against them, contained in Counts III and IV.

<u>Count V: ADEA Claim against the Individual Defendants</u>

As with VMC, Odeluga did not file an EEOC charge against the Individual Defendants for her ADEA claim. Likewise, there are no allegations that the Individual Defendants had notice of and an opportunity to contest the EEOC charge. *See Kopec*, 966 F. Supp. at 645 ("In general, a party not named as a respondent in an EEOC charge may not be sued under the ADEA."). Because Odeluga failed to exhaust her administrative remedies by failing to file an EEOC charge against the Individual Defendants, she cannot state a claim against them. Consequently, Count V is dismissed with respect to the Individual Defendants.

Furthermore, as with VMC, Odeluga's ADEA claim must be dismissed because ADEA claims apply to employers and there are no allegations that the Individual Defendants employed Odeluga. *See Elias*, 928 F. Supp. at 759 (N.D. Ill. 1996) ("Congress limited the ADEA to apply only to 'employers.'"). For that additional reason, Count V is dismissed with respect to the Individual Defendants. Further, as Odeluga cannot allege that the Individual Defendants were

---

[6]The Individual Defendants also moved to dismiss Count VIII; but, as noted above, Odeluga consented to its dismissal.

her employer, it is clear that future amendments would be futile; and dismissal with prejudice is warranted on Count V.

### Counts VII: Breach of Contract Claim against the Individual Defendants

As with VMC, Odeluga's breach of contract claim fails against the Individual Defendants because they were not a party to Odeluga's contract with PCC. *See Credit Gen. Ins. Co.*, 916 F. Supp. at 772 ("Defendants do not provide caselaw to support a finding that a non-party to a contract can breach that contract. In fact, such a claim is ludicrous."). Because it is clear Odeluga cannot allege that the Individual Defendants were a party to her contract with PCC, future amendments would be futile; and dismissal with prejudice is warranted. Accordingly, Count VII is dismissed against the Individual Defendants with prejudice.

*PCC's Motion to Dismiss*

PCC has moved to dismiss Count V, Odeluga's ADEA claim, and Count VI, Odeluga's breach of contract claim.

### Count V: the ADEA Claim against PCC

A plaintiff alleging a claim of age discrimination against her employer under the ADEA must allege that: "(1) she was a member of a protected class; (2) she was qualified for her position; and (3) she was discharged while other, similarly-situated employees who were not members of the protected class were treated more favorably." *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1012 (7th Cir. 2000). PCC concedes that Odeluga has alleged the first two elements, namely that she is over 40 and that she was qualified for the position. However, PCC argues that Odeluga has failed to identify a younger, similarly-situated employee who was treated better than she was. PCC further points out that Count V alleges Odeluga suffered "racially discriminatory treatment," not age-based discrimination.

In Count V, Odeluga has alleged that she was treated differently and denied benefits given "to employees/fellows under the age of 40." (FAC ¶¶ 122, 123.) She also alleges that Defendants acted to discriminate on the basis of her age. (*Id.* ¶ 124.) Although she does not identify names, she gives additional information about the fellowship candidates' age and racial backgrounds in the FAC, including that they were all younger than 40. (*Id.* ¶ 27.) These allegations are sufficient to put PCC on fair notice of Odeluga's age discrimination claims. Consequently, Odeluga has stated an ADEA claim against PCC.

### Count VII: the Breach of Contract Claim against PCC

As discussed above, to state a breach of contract claim under Illinois law, a plaintiff must allege that there was a contract, that she performed the contract, that there was a breach by the defendant, and that the plaintiff suffered injury as a result of the defendant's breach. *See Van Der Molen*, 835 N.E.2d at 69. PCC argues this claim must be dismissed because Odeluga failed to attach the contract to her FAC and also because Odeluga has not alleged a plausible breach of her employment contract with PCC.

Under Illinois state civil procedure, a plaintiff asserting a claim based on a written contract must attach that contract to her pleadings. 735 ILCS 5/2-606; *see also* Ill. Supreme Court Rule 282(a); *Progressive Ins. v. Williams*, 884 N.E.2d 735, 737n.1 (Ill. App. Ct. 2008). Federal Rule of Civil Procedure 8, however, makes no similar demand and, instead, requires only "a short and plain statement" of the plaintiff's claims. *See also Tamayo*, 526 F.3d at 1081. As federal civil procedure applies here, Odeluga's failure to attach the employment contract is not, by itself, a reason to dismiss her claim.[7]

---

[7] As discussed *supra* at page 8, footnote 5, however, it is proper to consider Odeluga's employment contract, which has been submitted by VMC.

12

In the FAC, Odeluga alleged that Defendants terminated her contract "without due process" (FAC ¶ 129), and that although Defendants reinstated her after termination, Defendants refused to award her a certificate of completion. (FAC ¶¶ 129-130). These allegations are insufficient to state a claim that PCC breached the employment agreement. There are no allegations that PCC was obligated under the contract to award Odeluga a certificate of completion; and, indeed, the relevant contract does not support that PCC had to award Odeluga one. Odeluga does not make other allegations that PCC breached the employment contract, except for the vague, conclusory statement that it was "without due process." In her opposition brief, Odeluga makes additional assertions that the contract was violated because she was not given thirty days notice. However, she has not pled those assertions in the FAC and therefore, they cannot be considered. Furthermore, by Odeluga's own allegations, PCC reinstated her after she was terminated; and, even if the termination was a breach, Odeluga has not sufficiently alleged how that breach caused her damages, as required for her claim. Odeluga has not alleged sufficient facts to support her breach of contract claim; and, therefore Count VII is dismissed against PCC without prejudice.

## CONCLUSION

For the reasons stated above, VMC's Motion to Dismiss [46] is granted in full; all Counts are dismissed with respect to VMC. Counts III and IV are dismissed without prejudice; Counts I, II, V, VII, and VIII are dismissed with prejudice.[8]

---

[8] As mentioned above, there is no Count VI alleged.

The Individual Defendants' Motion to Dismiss [45] is also granted in full; all three Counts challenged by the Individual Defendants, Counts V, VII, and VIII, are dismissed with prejudice with respect to the Individual Defendants. Counts III and IV, which were not challenged in the Individual Defendants' Motion to Dismiss, remain in effect against the Individual Defendants.

PCC's Motion to Dismiss [44] is granted in part and denied in part. Count VII is dismissed without prejudice; Count VIII is dismissed with prejudice; and PCC's Motion to Dismiss is denied as to Count V.

Plaintiff Odeluga is granted leave to amend her Complaint as to Counts III and IV with respect to VMC and as to Count VII with respect to PCC, if she can do so in accordance with Rule 11, within thirty days of this Order.

Date: August 27, 2013

_____
JOHN W. DARRAH
United States District Court Judge